PER CURIAM.
Craig Stephen Edwards seeks belated appeal from an order denying his motion to correct illegal sentence. His claim, however, is based upon a misunderstanding of the applicable rules and must be denied.
Edwards’ rule 3.800(a) motion was denied by order of October 17, 2006, and he timely moved for rehearing. The rehear *46 ing motion has not been expressly acted on but petitioner reasons that it has been denied by the passage of 60 days and therefore he should be granted a belated appeal. Florida Rule of Criminal Procedure 3.800(b)(1)(B) does provide that “[wjithin 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied.” This provision, however, applies to motions made pursuant to rule 3.800(b)(1) or 3.800(b)(2). It does not apply to rule 3.800(a) motions or to motions for rehearing of orders which deny rule 3.800(a) motions, such as the one here at issue.
Edwards’ timely motion for rehearing postponed rendition of the order of October 17, 2006, in accordance with Florida Rule of Appellate Procedure 9.020(h) and the time for appealing the order of October 17, 2006, has not yet commenced nor will it until disposition of the motion for rehearing. The petition seeking belated appeal is therefore denied.
PETITION DENIED.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.